UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| STEAMSHIP INSURANCE MANAGEMENT SERVICES LIMITED, a foreign limited liability corporation,<br><br>Plaintiff,<br><br>v.<br><br>OSPREY UNDERWRITING AGENCY LIMITED, AND ITS CERTAIN UNDERWRITERS, a foreign unincorporated entity and/or corporation, and AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND INDEMNITY ASSOCIATION, INC., believed to be a New York corporation,<br><br>Defendants. | NO. _____<br><br>COMPLAINT FOR DECLARATORY JUDGMENT, CONTRIBUTION, EQUITABLE CONTRIBUTION, AND OTHER EQUITABLE RELIEF<br><br>**JURY DEMAND** |

COMES NOW Steamship Insurance Management Services Limited ("Steamship Mutual"), and files this Complaint ("Complaint") against Defendant Osprey Underwriting Agency Limited and its Certain Underwriters ("Osprey") and American Steamship Owners Mutual Protection and Indemnity Association, Inc. ("The American Club"), alleging upon information and belief as follows:

COMPLAINT FOR DECLARATORY JUDGMENT, CONTRIBUTION, EQUITABLE CONTRIBUTION, AND OTHER EQUITABLE RELIEF - 1

{02696843.DOCX;4 }

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

## I. PARTIES

1.1   Plaintiff Steamship Mutual is a United Kingdom Limited Liability Company that was at all times authorized to conduct the business of insurance in Washington State. Steamship Mutual sold liability insurance to Shelford Boats Limited ("Shelford") which is relevant to this Complaint.

1.2   Defendant Osprey was at all relevant times a foreign insurer authorized to do business, and doing business, in King County, Washington. Osprey sold liability insurance to Shelford which is relevant to this Complaint.

1.3   Defendant The American Club was at all relevant times a New York corporation, that was authorized to do business, and doing business, in King County, Washington. The American Club sold liability insurance to Shelford which is relevant to this Complaint.

## II. JURISDICTION AND VENUE

2.1   This Court has jurisdiction over the parties and the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1), as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states and/or countries.

2.2   Venue is proper in the United States District Court for the Western District of Washington at Seattle.

## III. THE INSURANCE POLICIES

3.1   This lawsuit involves defendants Osprey's and The American Club's failure to contribute to the defense, maintenance and cure, and indemnification of their named insured, Shelford, with respect to injuries allegedly sustained by Mauricio Sanchez and a subsequent lawsuit brought by Mr. Sanchez in Snohomish County Superior Court ("the Sanchez Lawsuit").

3.2   Plaintiff Steamship Mutual sold Shelford marine liability insurance with a policy period of February 20, 2006 to February 20, 2011. Steamship Mutual provides insurance on an indemnity basis—they reimburse claims paid by their insureds.

COMPLAINT FOR DECLARATORY JUDGMENT, CONTRIBUTION, EQUITABLE CONTRIBUTION, AND OTHER EQUITABLE RELIEF - 2

{02696843.DOCX;4 }

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

3.3     Defendant Osprey sold Shelford marine liability insurance with a policy period of February 20, 2011 to February 20, 2013.

3.4     Defendant The American Club sold Shelford marine liability insurance with a policy period commencing February 20, 2013 and continuing.

### IV.    FACTUAL BACKGROUND

4.1     Shelford owns and operates the F/V Aleutian Lady.  Mr. Sanchez was employed by Shelford aboard the F/V Aleutian Lady.  In June 2010, Mr. Sanchez was allegedly injured while working aboard the F/V Aleutian Lady.  Mr. Sanchez had surgery to repair the alleged injury and in 2011 Mr. Sanchez made a claim to Shelford for medical expenses related to the alleged injury.

4.2     On or about September 2, 2011, Shelford tendered Mr. Sanchez's claim to Steamship Mutual because the claimed medical expenses were alleged to have been the result of an injury while Shelford was insured by Steamship Mutual.  Steamship Mutual accepted the tender without reservation and reimbursed Shelford for all of Mr. Sanchez's claims related to that alleged injury.

4.3     In early 2013, Mr. Sanchez allegedly suffered a new injury while working again for Shelford aboard the F/V Aleutian Lady.  This alleged injury allegedly occurred at a time when either Osprey or The American Club were insuring Shelford's marine liabilities.

4.4     On May 2, 2013, Mr. Sanchez filed the Sanchez Lawsuit, a seaman's personal injury complaint, suing Shelford for the injuries he allegedly sustained in June 2010 and for these new alleged injuries allegedly sustained in early 2013.  Mr. Sanchez pled two distinct injury events.

4.5     Initially the Sanchez Lawsuit was tendered to Steamship Mutual only.  By agreement between Shelford and Steamship Mutual, experienced defense counsel was retained to protect Shelford's interests.  Steamship Mutual paid for the defense.

COMPLAINT FOR DECLARATORY JUDGMENT, CONTRIBUTION, EQUITABLE CONTRIBUTION, AND OTHER EQUITABLE RELIEF - 3

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

{02696843.DOCX;4 }

4.6     On or about March 4, 2014, when it became apparent that Mr. Sanchez's claim for alleged injuries sustained in early 2013 implicated the marine liability insurance provided by Osprey and/or The American Club, Shelford tendered the Sanchez Lawsuit to Osprey and The American Club. Shelford specifically advised both Osprey and The American Club that Mr. Sanchez was alleging a new injury in 2013 as a result of a new negligent act. This new alleged injury clearly did not implicate coverage under Steamship Mutual's policy and clearly did trigger defense obligations under Osprey's and The American Club's policies.

4.7     Osprey and The American Club both acknowledged the tender, reserved their rights, and refused to contribute to or participate in the defense. Steamship Mutual continued to fund the defense with no contribution from either Osprey or The American Club.

4.8     Shelford's defense counsel sought authority from Steamship Mutual, Osprey and The American Club to pay for Mr. Sanchez to have medical treatment that was recommended by his treating physician(s). Although this treatment was related to the "new" injury, and therefore did not implicate the insurance provided by Steamship Mutual, Steamship Mutual offered to split the expense with Osprey and The American Club on a one-third each basis. Osprey and The American Club refused to authorize the treatment, rejected Steamship Mutual's offer, and did not pay for any of Mr. Sanchez's treatment. Steamship Mutual approved the treatment and reimbursed Shelford for all of the expenses incurred.

4.9     Between March 2014 and September 2014, Steamship Mutual and Shelford's representatives tried to persuade Osprey and The American Club to acknowledge their defense obligations and sought a three party agreement for funding the defense and indemnity exposures. Osprey and The American Club were intransigent. Ultimately, Steamship Mutual agreed to reimburse Shelford for all of the expenses incurred. Osprey and The American Club paid nothing.

4.10    In late September 2014, Shelford advised Steamship Mutual, Osprey and The American Club that the Sanchez Lawsuit would be going to mediation. Shelford's defense

COMPLAINT FOR DECLARATORY JUDGMENT, CONTRIBUTION, EQUITABLE CONTRIBUTION, AND OTHER EQUITABLE RELIEF - 4

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

{02696843.DOCX;4 }

counsel requested settlement authority up to $500,000. On October 3, 2014, Steamship Mutual extended that requested authority to Shelford. Osprey and The American Club did not respond.

4.11 On November 3, 2014, two days before the scheduled mediation, Osprey made an offer to Shelford "to contribute $25,000 in full and final settlement against this claim." The offer continued, "[p]lease note that this offer is made without prejudice and that there is no admission of liability whatsoever admitted on the part of [Osprey]. This is the only offer that [Shelford] will receive. They may use this money how they wish, presumably to assist in any settlement of the claim with the Steamship monies. If this sum is considered insufficient, [Shelford] may choose also to contribute their deductible obligation to Sanchez/Steamship towards any settlement." This offer was rejected.

4.12 On the same day, November 3, 2014, The American Club made an offer to Shelford, "on a purely without prejudice basis, to offer the sum of $25,000 as a full and final contribution…to the claims raised by Sanchez in his lawsuit…. This figure is global and would apply to all liabilities, exposures, interest, and/or legal fees, and costs/expenses of any nature. Please note that this proposal is made without prejudice…." This offer was rejected.

4.13 On November 5, 2014, the Sanchez lawsuit was settled for $300,000. The settlement discharged and released all claims that were or could have been asserted against Osprey and/or The American Club in the Sanchez Lawsuit. Steamship Mutual renewed its request to Osprey and The American Club to contribute to the settlement and all expenses incurred on a one-third each basis. The request was again rejected by both Osprey and The American Club. The $300,000 settlement was funded by Steamship Mutual with no contribution from Osprey or The American Club.

4.14 Steamship Mutual paid $117,566.61 to defense counsel in the Sanchez Lawsuit; at least $141,226.02 for Maintenance, Cure and other costs all related to the new injury allegedly suffered after January 2013; and the $300,000 paid to settle the Sanchez Lawsuit.

COMPLAINT FOR DECLARATORY JUDGMENT, CONTRIBUTION, EQUITABLE CONTRIBUTION, AND OTHER EQUITABLE RELIEF - 5

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

{02696843.DOCX;4 }

## V.   CAUSES OF ACTION

### A.   FIRST CAUSE OF ACTION—DECLARATORY JUDGMENT (28 U.S.C. § 2201)

5.1   The foregoing paragraphs are re-alleged.

5.2   Pursuant to 28 U.S.C. § 2201, Steamship Mutual is entitled to have the Court determine the rights, status and/or other legal relations between the parties, whether or not further relief may be sought or obtained, including: a declaratory judgment establishing that Osprey's and The American Club's defense and indemnity obligations were triggered by the Sanchez Lawsuit.

5.3   A declaratory judgment action is appropriate to determine that defense and indemnity obligations existed where questions as to such obligations exist. Defense and indemnity obligation questions do exist.

### B.   SECOND CAUSE OF ACTION—CONTRIBUTION

5.4   The foregoing paragraphs are re-alleged.

5.5   The Sanchez Lawsuit alleged a bodily injury which occurred during the policy periods of Osprey's and/or The American Club's policies, thereby triggering defense and indemnity obligations.

5.6   Osprey's and The American Club's policies are primary for their respective policy periods, requiring each insurer to contribute to the defense and indemnity expenses. Steamship Mutual had no duty to pay for those defense and indemnity expenses related to the injury allegedly sustained by Mr. Sanchez in 2013.

5.7   Steamship Mutual paid all of Shelford's defense costs in the Sanchez Lawsuit and reimbursed Shelford for all of the maintenance and cure expenses and the $300,000 settlement paid to Mr. Sanchez. Osprey and The American Club wrongfully refused to pay their respective shares of these costs and expenses.

5.8   Steamship Mutual has unsuccessfully sought contribution from Osprey and The American Club. Steamship Mutual is entitled to contribution from each defendant in the amount

COMPLAINT FOR DECLARATORY JUDGMENT, CONTRIBUTION, EQUITABLE CONTRIBUTION, AND OTHER EQUITABLE RELIEF - 6

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

{02696843.DOCX;4 }

representing their respective shares of all expenses incurred, both indemnity and defense, plus prejudgment interest, and an award of attorney's fees and costs Steamship Mutual incurred in this matter.

### C. THIRD CAUSE OF ACTION—EQUITABLE CONTRIBUTION

5.9 The foregoing paragraphs are re-alleged.

5.10 Steamship Mutual is entitled to equitable contribution from Osprey and the American Club in the amounts representing each insurers' share of the defense expenses, maintenance and cure, and settlement funds paid on behalf of Shelford to settle the Sanchez lawsuit, plus prejudgment interest, and an award of attorney's fees and costs Steamship Mutual incurred in this matter

### D. FOURTH CAUSE OF ACTION—UNJUST ENRICHMENT

5.11 The foregoing paragraphs are re-alleged.

5.12 Osprey's and The American Club's policies are primary with respect to the claims asserted in the Sanchez Lawsuit which arise from or are related to the alleged 2013 injury, requiring each defendant insurer to contribute to the defense and indemnity expenses.

5.13 Steamship Mutual funded the defense, maintenance and cure, and settlement on behalf of Shelford, including that portion of the defense and indemnity expenses which Osprey and The American Club were contractually obligated to pay.

5.14 Osprey and The American Club have refused to contribute to any portion of the defense and indemnity expenses paid on behalf of Shelford.

5.15 Osprey and The American Club have been unjustly enriched by the payments made by Steamship Mutual and they should be required to reimburse Steamship Mutual for the amounts representing each defendants share of the defense and indemnity expenses paid on Shelford's behalf, plus prejudgment interest, and an award of attorney's fees and costs Steamship Mutual incurred in this matter.

COMPLAINT FOR DECLARATORY JUDGMENT, CONTRIBUTION, EQUITABLE CONTRIBUTION, AND OTHER EQUITABLE RELIEF - 7

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington  98104-2323
office 206 587 0700   fax 206 587 2308

{02696843.DOCX;4 }

## VI. RESERVATION OF RIGHTS

6.1    The foregoing paragraphs are re-alleged.

6.2    Steamship Mutual reserves the right to amend this Complaint to allege any additional policy provision, damages or claims which may be relevant to this matter.

## VII. PRAYER FOR RELIEF

Plaintiff Steamship Mutual requests that the Court enter judgment against Defendants as follows:

7.1    An Order declaring all of the relative rights and responsibilities of the parties under their respective policies pursuant to 28 U.S.C. § 2201;

7.2    Money judgment to be determined at the time of trial;

7.3    Prejudgment interest on the liquidated sums;

7.4    Allowable attorney's fees and costs; and

7.5    Such other and further relief as this Court deems just and proper.

DATED this 9th day of January, 2015.

CAIRNCROSS & HEMPELMANN, P.S.

_____
John E. D. Powell WSBA No. 12941
524 Second Avenue, Suite 500
Seattle, WA 98104-2323
Telephone: (206) 587-0700
Facsimile: (206) 587-2308
E-mail: jpowell@cairncross.com
Attorneys for Plaintiff

COMPLAINT FOR DECLARATORY JUDGMENT, CONTRIBUTION, EQUITABLE CONTRIBUTION, AND OTHER EQUITABLE RELIEF - 8

{02696843.DOCX;4 }

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308