THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEAMSHIP INSURANCE MANAGEMENT SERVICES LIMITED, a foreign limited liability corporation,<br><br>Plaintiff,<br><br>v.<br><br>OSPREY UNDERWRITING AGENCY LIMITED, AND ITS CERTAIN UNDERWRITERS, a foreign unincorporated entity and/or corporation; and AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND INDEMNITY ASSOCIATION, INC., believed to be a New York corporation,<br><br>Defendants. | Case No.: 15-cv-00043-RSM<br><br>**DEFENDANT OSPREY UNDERWRITING AGENCY LIMITED, AND ITS CERTAIN UNDERWRITERS' ANSWER TO THIRD AMENDED COMPLAINT FOR RELIEF AS A RESULT OF DEFENDANTS BEING UNJUSTLY ENRICHED AND FOR DECLARATORY JUDGMENT** |

Defendant OSPREY UNDERWRITERS AGENCY LIMITED, AND ITS CERTAIN UNDERWRITERS (hereinafter "Osprey"), by and through counsel, answer Plaintiff's Third Amended Complaint for Relief as a Result of Defendants Being Unjustly Enriched and for Declaratory Judgment as follows:

//

//

DEFENDANT OSPREY UNDERWRITING AGENCY LIMITED, AND ITS CERTAIN UNDERWRITERS' ANSWER TO THIRD AMENDED COMPLAINT - 1

LEGAL\25082691\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

## I.     PARTIES

1.1     Osprey admits, upon information and belief, that Plaintiff STEAMSHIP MUTUAL UNDERWRITING ASSOCIATION LIMITED (hereinafter "Plaintiff") is a United Kingdom Limited Liability Company.  Osprey is without sufficient information to admit or deny the remaining allegations in Paragraph 1.1 of Plaintiff's Third Amended Complaint and therefore denies the same.

1.2     Osprey admits that it is an English entity located in London, England, where it conducts the business of underwriting ocean marine insurance.  Osprey further admits that it issued two sequential insurance policies to Shelford's Boat Ltd. (hereinafter "Shelford"), covering the Fishing Vessel ALEUTIAN LADY for the period February 20, 2011 to February 20, 2013.  To the extent Paragraph 1.2 of Plaintiff's Third Amended Complaint alleges anything further, the same is denied.

1.3     Osprey admits, upon information and belief, that Defendant AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND INDEMNITY ASSOCIATION, INC. (hereinafter "The American Club") is a New York Corporation.  Osprey is without sufficient information to admit or deny the remaining allegations in Paragraph 1.3 of Plaintiff's Third Amended Complaint and therefore denies the same.

## II.     JURISDICTION AND VENUE

2.1     Osprey denies that this Court has personal jurisdiction over it.  Osprey is without sufficient information to admit or deny the remaining allegations in Paragraph 2.1 of Plaintiff's Third Amended Complaint and therefore denies the same.

2.2     Osprey denies the allegations in Paragraph 2.2 of Plaintiff's Third Amended Complaint.

//

//

//

DEFENDANT OSPREY UNDERWRITING AGENCY LIMITED, AND ITS CERTAIN UNDERWRITERS' ANSWER TO THIRD AMENDED COMPLAINT - 2

LEGAL\25082691\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

## III. THE INSURANCE POLICIES

3.1     Osprey admits Plaintiff seeks, by way of a claim for unjust enrichment, to recover monies from Defendants Osprey and The American Club.  To the extent paragraph 3.1 of Plaintiff's Third Amended Complaint alleges anything further, Osprey denies the same.

3.2     Osprey is without sufficient information to admit or deny the allegations in Paragraph 3.2 of Plaintiff's Third Amended Complaint and therefore denies the same.

3.3     Osprey admits that it issued two sequential insurance policies to Shelford, covering the Fishing Vessel ALEUTIAN LADY for the period February 20, 2011 to February 20, 2013.  To the extent paragraph 3.3 of Plaintiff's Third Amended Complaint alleges anything further, Osprey denies the same.

3.4     Osprey is without sufficient information to admit or deny the allegations in Paragraph 3.4 of Plaintiff's Third Amended Complaint and therefore denies the same.

## IV. FACTUAL BACKGROUND

4.1     Osprey admits that Shelford owns and operates the F/V ALEUTIAN LADY. Osprey further admits, upon information and belief, that Mr. Sanchez was employed aboard the F/V ALEUTIAN LADY for a period of time.  Osprey further admits, upon information and belief, that Mr. Sanchez alleges to have been injured while working aboard the F/V ALEUTIAN LADY in June 2010.  Osprey is without sufficient information to admit or deny the remaining allegations in Paragraph 4.1 of Plaintiff's Third Amended Complaint and therefore denies the same.

4.2     Osprey is without sufficient information to admit or deny the allegations in Paragraph 4.2 of Plaintiff's Third Amended Complaint and therefore denies the same.

4.3     Osprey denies, upon information and belief, that Mr. Sanchez's alleged injury in early 2013, was a "new injury."  Osprey is without sufficient information to admit or deny the remaining allegations in Paragraph 4.3 of Plaintiff's Third Amended Complaint and therefore denies the same.

DEFENDANT OSPREY UNDERWRITING AGENCY LIMITED, AND ITS CERTAIN UNDERWRITERS' ANSWER TO THIRD AMENDED COMPLAINT - 3

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\25082691\1

  4.4 Osprey denies, upon information and belief, that Mr. Sanchez's personal injury complaint alleges "new" injuries apart from those allegedly sustained in June 2010.  Osprey further denies, upon information and belief, Mr. Sanchez "pled two distinct injury events."  Osprey is without sufficient information to admit or deny the remaining allegations in Paragraph 4.4 of Plaintiff's Third Amended Complaint and therefore denies the same.

  4.5 Osprey is without sufficient information to admit or deny the allegations in Paragraph 4.5 of Plaintiff's Third Amended Complaint and therefore denies the same.

  4.6 Osprey admits that on or about March 4, 2014, it received notice of the Sanchez lawsuit from Polaris Group Ltd., the apparent adjuster retained by Steamship.  Osprey denies that the "insurance obligations" arising out of the Sanchez Lawsuit were "common, shared liabilities" between Osprey, The American Club, and/or Plaintiff.  Osprey is without sufficient information to admit or deny the remaining allegations in Paragraph 4.6 of Plaintiff's Third Amended Complaint and therefore denies the same.

  4.7 Osprey admits that it properly acknowledged the notice of a potential claim it received from Polaris Group Ltd, and that it properly reserved its rights.  Osprey further admits that it proceeded to investigate the cause and origin of Mr. Sanchez's alleged injuries.  Based on its investigations and the information provided to it, Osprey concluded there was no evidence or allegations that Mr. Sanchez's alleged injuries triggered coverage under the policies Osprey issued to Shelford.  Osprey properly informed Shelford of its conclusion that there was insufficient evidence of a personal injury having occurred during the policy periods, of the application of English law to any disputes under the policies, and of the provisions in the policies requiring arbitration of any such disputes in the United Kingdom.  To the extent paragraph 4.7 of Plaintiff's Third Amended Complaint alleges anything further, Osprey denies the same.

  4.8 Osprey admits only that it deferred any decisions regarding continuing maintenance and cure to the good judgment of Shelford's defense counsel.  Specifically,

DEFENDANT OSPREY UNDERWRITING AGENCY LIMITED, AND ITS CERTAIN UNDERWRITERS' ANSWER TO THIRD AMENDED COMPLAINT - 4

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\25082691\1

Osprey declined assuming direction or conveying authority of Shelford's defense on account of the Osprey policies not being implicated by the Sanchez lawsuit. Thus, Osprey denies the characterization in Paragraph 4.8 of Plaintiff's Third Amended Complaint that it "refused to authorize the treatment." Osprey is without sufficient information to admit or deny the remaining allegations in Paragraph 4.8 of Plaintiff's Third Amended Complaint and therefore denies the same.

4.9   Osprey denies that it has any defense or indemnity obligations arising out of the Sanchez lawsuit under the Policies it issued to Shelford or under Washington Law. Osprey is without sufficient information to admit or deny the remaining allegations in Paragraph 4.9 of Plaintiff's Third Amended Complaint and therefore denies the same.

4.10   Osprey admits the allegations in Paragraph 4.10 of Plaintiff's Third Amended Complaint. However, Osprey denies that it has any defense or indemnity obligations arising out of the Sanchez lawsuit under the Policies it issued to Shelford. Therefore, Osprey had no duty to authorize any settlement.

4.11   Osprey admits that on September 25, 2014, it received a letter from attorney Greg Harper, purporting to act as coverage counsel for Shelford and asserting that all three insurers' policies were triggered by the Sanchez Lawsuit. Osprey further admits that some portions of Mr. Harper's letter threatened proceedings against the three insurers under Washington's Insurance Fair Conduct Act. Osprey seasonably responded to Mr. Harper's letter on October 14, 2014, noting, in relevant part, that the Osprey Policies was subject to English law and that Washington law did not apply. Osprey further advised Mr. Harper that any disputes between Plaintiff and Osprey as to coverage under the Osprey Policies must be submitted arbitration in London, England pursuant to the terms of the Osprey Policies.

4.12   Osprey is without sufficient information to admit or deny the allegations in Paragraph 4.12 of Plaintiff's Third Amended Complaint and therefore denies the same.

DEFENDANT OSPREY UNDERWRITING AGENCY LIMITED, AND ITS CERTAIN UNDERWRITERS' ANSWER TO THIRD AMENDED COMPLAINT - 5

LEGAL\25082691\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

4.13   Osprey denies that it has any defense or indemnity obligations arising out of the Sanchez lawsuit under the Policies it issued to Shelford.  Therefore, Osprey had no duty to authorize or contribute to any settlement.  Osprey is without sufficient information to admit or deny the remaining allegations in Paragraph 4.13 of Plaintiff's Third Amended Complaint and therefore denies the same.

4.14   Osprey admits, upon information and belief, that the Sanchez lawsuit was settled in November 2014.  Osprey denies that it has any defense or indemnity obligations arising out of the Sanchez lawsuit under the Policies it issued to Shelford.  Therefore, Osprey had no duty to authorize or contribute to any settlement.  Osprey is without sufficient information to admit or deny the remaining allegations in Paragraph 4.14 of Plaintiff's Third Amended Complaint and therefore denies the same.

4.15   Osprey is without sufficient information to admit or deny the allegations in Paragraph 4.15 of Plaintiff's Third Amended Complaint and therefore denies the same.

## V.   CAUSES OF ACTION

**A.   FIRST CAUSE OF ACTION–DECLARATORY JUDGMENT (28 U.S.C. § 2201)**

5.1   Osprey reasserts its answers to paragraphs 1.1 through 4.15 as if fully set forth herein.

5.2   Osprey denies the allegations in Paragraph 5.2 of Plaintiff's Third Amended Complaint.

5.3   Osprey denies the allegations in Paragraph 5.3 of Plaintiff's Third Amended Complaint.

**B.   SECOND CAUSE OF ACTION—UNJUST ENRICHMENT**

5.4   Osprey reasserts its answers to paragraphs 1.1 through 5.3 as if fully set forth herein.

5.5   Osprey denies the allegations in Paragraph 5.5 of Plaintiff's Third Amended Complaint.

DEFENDANT OSPREY UNDERWRITING AGENCY LIMITED, AND ITS CERTAIN UNDERWRITERS' ANSWER TO THIRD AMENDED COMPLAINT - 6

LEGAL\25082691\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

5.6     Osprey denies that it has any defense or indemnity obligations arising out of the Sanchez lawsuit under the Policies it issued to Shelford.  Osprey is without sufficient information to admit or deny the remaining allegations in Paragraph 5.6 of Plaintiff's Third Amended Complaint and therefore denies the same.

5.7     Osprey denies the allegations in Paragraph 5.7 of Plaintiff's Third Amended Complaint.

5.8     Osprey denies the allegations in Paragraph 5.8 of Plaintiff's Third Amended Complaint.

5.9     Osprey denies the allegations in Paragraph 5.9 of Plaintiff's Third Amended Complaint.

## VI.     PRAYER FOR RELIEF

6.1     Osprey denies that Plaintiff is entitled to its Prayer for Relief as averred in Paragraphs 6.1 through 6.5 of Plaintiff's Third Amended Complaint.

## VII.     AFFIRMATIVE DEFENSES

Having Answered Plaintiff's Third Amended Complaint, Osprey asserts the following affirmative defenses.  By asserting the following affirmative defenses, Osprey does not concede or admit that it bears or has any burden of proof in connection therewith.

7.1     This Court lacks personal jurisdiction over Osprey and therefore Plaintiff's claims against Osprey should be dismissed pursuant to *Federal Rule of Civil Procedure* 12(b)(2).

7.2     Pursuant to the terms of the policies issued to Shelford, no action against Osprey may be maintained except as allowed under the express terms of the policies.  Thus, Plaintiff's claims against Osprey should be dismissed under the doctrine of *Forum Non Conveniens* and/or under the U.S. Supreme Court's ruling in *Brillhart v. Excess Insurance Company of America*, 316 U.S. 491 (1942).

DEFENDANT OSPREY UNDERWRITING AGENCY LIMITED, AND ITS CERTAIN UNDERWRITERS' ANSWER TO THIRD AMENDED COMPLAINT - 7

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\25082691\1

7.3    Plaintiff has failed to state a claim upon which relief can be granted for unjust enrichment and therefore its claims against Osprey should be dismissed pursuant to *Federal Rule of Civil Procedure* 12(b)(6).

7.4    Plaintiff's claims are barred, in whole or in part, because it cannot establish the existence of coverage for the Sanchez lawsuit under the terms of the Osprey Policies issued to Shelford.

7.5    Plaintiff's claims are barred, in whole or in part, because it cannot establish a duty to defend or to fund or reimburse defense costs for the Sanchez lawsuit under the terms of the Osprey Policies issued to Shelford.

7.6    Plaintiff's claims are barred, in whole or in part, because it acted as a volunteer in defending and paying all expenses, including but not limited to defense costs, expenses, and indemnity or settlement payments related to the purported "new" injury.

7.7    Plaintiff's claims against Osprey are barred, in whole or in part, because there was a failure to comply with the provisions of the Osprey Policies, including but not limited to the Claims Notification Clause, the Osprey Law and Practice Clause, and/or the Osprey Service of Suit Clause.

7.8    Plaintiff's claims against Osprey are barred, in whole or in part, because there was a failure to obtain Osprey's written consent prior to the assignment of any claims or interests under the Osprey Policies issued to Shelford.

7.9    Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, estoppel, and/or unclean hands.

7.10    Plaintiff's claims are barred, in whole or in part, by any applicable statute of limitations.

7.11    Osprey reserves the right to assert any and all additional affirmative defenses as allowed under the *Federal Rules of Civil Procedure* and applicable law.

DEFENDANT OSPREY UNDERWRITING AGENCY LIMITED, AND ITS CERTAIN UNDERWRITERS' ANSWER TO THIRD AMENDED COMPLAINT - 8

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\25082691\1

## **OSPREY'S PRAYER FOR RELIEF**

Osprey prays for relief as follows:

1. That the Court dismiss Plaintiff's Third Amended Complaint with prejudice;

2. That the Court award Osprey reasonable attorney fees and costs as allowed by law;

3. That the Court grant such other relief as it deems just and equitable.

DATED this 2nd day of December, 2015.

COZEN O'CONNOR

By: */s/ Richard F. Allen*
Richard F. Allen, WSBA No. 2411
Ryan J. Dyer, WSBA No. 48016
999 Third Avenue, Suite 1900
Seattle, Washington 98104
Telephone: 206.340.1000
Toll Free Phone: 800.423.1950
Facsimile: 206.621.8783

Attorneys for Defendant Osprey Underwriting Agency Limited, and Its Certain Underwriters

DEFENDANT OSPREY UNDERWRITING AGENCY LIMITED, AND ITS CERTAIN UNDERWRITERS' ANSWER TO THIRD AMENDED COMPLAINT - 9

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\25082691\1

# CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Christopher W Nicoll    (cnicoll@nicollblack.com, htowner@nicollblack.com, jhendricks@nicollblack.com, lmartin@nicollblack.com, mtrubac@nicollblack.com)

John Edward Duke Powell    (jpowell@cairncross.com, gvolynsky@cairncross.com, jbrown@cairncross.com, jschiewe@cairncross.com)

William A Pelandini    (wpelandini@nicollblack.com, htowner@nicollblack.com, jhendricks@nicollblack.com, ksmith@nicollblack.com, lmartin@nicollblack.com, mtrubac@nicollblack.com, strivett@nicollblack.com)

DATED this December 2, 2015.

COZEN O'CONNOR

By: _/s/ Bonnie L. Buckner_
Bonnie L. Buckner, Legal Assistant
999 Third Avenue, Suite 1900
Seattle, Washington 98104
Telephone: 206.340.1000
Toll Free Phone: 800.423.1950
Facsimile: 206.621.8783

DEFENDANT OSPREY UNDERWRITING AGENCY LIMITED, AND ITS CERTAIN UNDERWRITERS' ANSWER TO THIRD AMENDED COMPLAINT - 10

LEGAL\25082691\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000