THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEAMSHIP MUTUAL UNDERWRITING ASSOCIATION LIMITED, a foreign limited liability corporation,<br><br>              Plaintiff,<br><br>     v.<br><br>OSPREY UNDERWRITING AGENCY LIMITED AND ITS CERTAIN UNDERWRITERS, a foreign unincorporated entity and/or corporation, and AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND INDEMNITY ASSOCIATION, INC., believed to be a New York corporation,<br><br>              Defendants. | IN ADMIRALTY<br><br>CASE NO. 15-CV-0043-RSM<br><br>ANSWER OF DEFENDANT AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND INDEMNITY, INC. TO PLAINTIFF'S THIRD AMENDED COMPLAINT |

TO:         THE CLERK OF THE COURT

AND TO:     ALL PARTIES OF RECORD HEREIN

COMES NOW, AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND INDEMNITY ASSOCIATION, INC. ("American Club") and for answer to Plaintiff's Third Amended Complaint, admits, denies and alleges as follows:

ANSWER OF DEFENDANT AMERICAN STEAMSHIP OWNERS MUTUAL TO PLAINTIFF'S THIRD AMENDED COMPLAINT - 1 (15-CV-0043-RSM)

LAW OFFICES OF
NICOLL BLACK & FEIG PLLC
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
(206) 838-7555

## I.   PARTIES

1.1     Answering the allegations in paragraph 1.1, Defendant American Club admits that Plaintiff Steamship Mutual is a United Kingdom Limited Liability Company. Defendant American Club is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 1.1 and therefore denies the same.

1.2     Answering the allegations in paragraph 1.2, Defendant American Club admits that Defendant Osprey is an alien underwriting agency.  Defendant American Club is without sufficient information to form a belief as to the truth of the remainder of the allegations contained in paragraph 1.2 and therefore denies the same.

1.3     Answering the allegations in paragraph 1.3, Defendant American Club admits that it is a New York not-for-profit mutual association incorporated in New York with its principal place of business in New York, New York and that it issued marine protection and indemnity insurance to Shelford's Boat Limited ("Shelford").   Except as so admitted, the remaining allegations in paragraph 1.3 are denied.

## II.   JURISDICTION AND VENUE

2.1     The allegation in paragraph 2.1 involves an issue of law for the Court, and therefore no answer is required.  If answer is required, the American Club admits that this court has admiralty jurisdiction pursuant to 28 U.S.C. §1333.

2.2     Defendant American Club denies the allegations in paragraph 2.2.

## III.   THE INSURANCE POLICIES

3.1     Defendant American Club denies that it is liable for any share of the costs Plaintiff Steamship Mutual incurred in funding the defense, maintenance and cure, and settlement on behalf of Shelford with respect to injuries allegedly sustained by Mauricio Sanchez and the Sanchez Lawsuit.   As such, it denies the allegations in paragraph 3.1.

ANSWER OF DEFENDANT AMERICAN
STEAMSHIP OWNERS MUTUAL TO PLAINTIFF'S
THIRD AMENDED COMPLAINT - 2
(15-CV-0043-RSM)

LAW OFFICES OF
**NICOLL BLACK & FEIG PLLC**
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
(206) 838-7555

3.2     Answering the allegations in paragraph 3.2, Defendant American Club is without sufficient information to form a belief as to the truth of the allegations in paragraph 3.2 and therefore denies the same.

3.3     Answering the allegations in paragraph 3.3, Defendant American Club is without sufficient information to form a belief as to the truth of the allegations in paragraph 3.3 and therefore denies the same.

3.4     Answering the allegations in paragraph 3.4, Defendant American Club admits that Shelford was a member of the American Club commencing February 20, 2013 and that the terms and conditions of insurance, including the rights and obligations of the parties, are set forth in and governed by the By-Laws and Rules of The American Club, as well as a Certificate of Entry issued to each Member, which together constitute the contract for protection and indemnity insurance ("Contract").  Except as so admitted, the allegations in paragraph 3.4 are denied.

## IV.     <u>FACTUAL BACKGROUND</u>

4.1     Defendant American Club admits the allegations in the first three sentences of paragraph 4.1, i.e., that Shelford owns and operates the F/V Aleutian Lady, that Mr. Sanchez was employed by Shelford aboard the F/V Aleutian Lady, and that in June 2010 Mr. Sanchez was allegedly injured while working aboard the F/V Aleutian Lady.  The American Club is without sufficient information to form a belief as to the truth of the allegations in the fourth (last) sentence in paragraph 4.1 and therefore denies the same.

4.2     Answering the allegations in paragraph 4.2, Defendant American Club is without sufficient information to form a belief as to the truth of the allegations in paragraph 4.2 and therefore denies the same.

4.3     Answering the allegations in paragraph 4.3, Defendant American Club is without sufficient information to form a belief as to the truth of the allegations in paragraph 4.3 and therefore denies the same.

ANSWER OF DEFENDANT AMERICAN
STEAMSHIP OWNERS MUTUAL TO PLAINTIFF'S
THIRD AMENDED COMPLAINT - 3
(15-CV-0043-RSM)

LAW OFFICES OF
**NICOLL BLACK & FEIG PLLC**
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
(206) 838-7555

4.4     Answering the allegations in paragraph 4.4, Defendant American Club admits that Mr. Sanchez filed a lawsuit against Shelford on or about May 2, 2013.  For further answer, without admitting the allegations in the Sanchez lawsuit, the American Club states that the allegations in the Complaint and Amended Complaint in that lawsuit speak for themselves, and therefore, the allegations in paragraph 4.4 are denied.

4.5     Answering the allegations in paragraph 4.5, Defendant American Club admits that the Sanchez lawsuit was tendered to Steamship Mutual.  American Club is without sufficient information as to the truth of the remaining allegations in paragraph 4.5 and therefore denies the same.

4.6     Answering the allegations in paragraph 4.6, Defendant American Club admits it received a notice of potential claim from marine adjusters Polaris Group Ltd. on or about March 4, 2014. Defendant American Club states that such notice of potential claim speaks for itself. Defendant American Club denies that any injury alleged by Sanchez triggered any insurance obligations under Defendant American Club's Contract. Defendant American Club denies that the insurance obligations associated with the Sanchez Lawsuit were "common, shared liabilities which were not amendable to precise allocation between the three insurers." Defendant American Club is without sufficient information as to the truth of the remaining allegations in paragraph 4.6 and therefore denies the same.

4.7     Answering the allegations in paragraph 4.7, Defendant American Club admits that it acknowledged the notice of claim within 48 hours of its receipt, and at that time and in subsequent communications, requested additional information as to the vague allegations relating to an alleged aggravation of the 2010 injury, requested information as to any alleged "new" injury, declined to enter into a fee sharing agreement in light of a lack of evidence that its Contract was implicated and reserved all rights, including without limitation the absence of evidence to support assertion of any personal injury during the policy period, late and insufficient notice, failure to cooperate, application of New York law to any contract dispute,

ANSWER OF DEFENDANT AMERICAN
STEAMSHIP OWNERS MUTUAL TO PLAINTIFF'S
THIRD AMENDED COMPLAINT - 4
(15-CV-0043-RSM)

LAW OFFICES OF
NICOLL BLACK & FEIG PLLC
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
(206) 838-7555

and provisions of the Contract for the mandatory non-judicial dispute resolution process. Defendant American Club denies that it "refused to honor [its] insurance contract obligations." Defendant American Club is without sufficient information as to the truth of Plaintiff's motivation in continuing to fund Shelford's defense.  The remaining allegations in paragraph 4.7 are denied.

4.8     Answering the allegations in paragraph 4.8, Defendant American Club admits only that because its Contract was not implicated by the Sanchez claim, it did not agree or disagree with treatment proposed for Mr. Sanchez; it recommended that Shelford act as a prudent uninsured and that Shelford continue to authorize maintenance and cure until such time as Sanchez reached maximum medical improvement; and it reiterated its position on fee sharing.  Defendant American Club is without sufficient information as to the truth of the remaining allegations in paragraph 4.8 and therefore denies the same.

4.9     Answering the allegations in paragraph 4.9, Defendant American Club incorporates by this reference and reasserts its answer to paragraph 4.8 as if fully set forth herein.  Defendant American Club is without sufficient information as to the truth of the remaining allegations in paragraph 4.9 and therefore denies the same.

4.10    Answering the allegations in paragraph 4.10, Defendant American Club admits that it received notice from Shelford's defense counsel requesting settlement authority in the amount of $450,000. Except as so admitted, the allegations in paragraph 4.10 are denied.

4.11    Answering the allegations in paragraph 4.11, Defendant American Club admits that it received a letter from the law firm Harper Hayes on or about September 25, 2014, to which the American Club responded on October 15, 2014.  For further answer, Defendant American Club states that the letter speaks for itself.  Except as so admitted, the allegations in paragraph 4.11 are denied.

ANSWER OF DEFENDANT AMERICAN
STEAMSHIP OWNERS MUTUAL TO PLAINTIFF'S
THIRD AMENDED COMPLAINT - 5
(15-CV-0043-RSM)

LAW OFFICES OF
NICOLL BLACK & FEIG PLLC
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
(206) 838-7555

4.12    The allegations in paragraph 4.12 are not directed to The American Club and therefore require no answer.  To the extent an answer is required, American Club answers that it is without sufficient information as to the truth of the allegations in paragraph 4.12 and therefore denies the same. The American Club objects to the last sentence in paragraph 4.12 as immaterial and impertinent.

4.13    Answering the allegations in paragraph 4.13, Defendant American Club admits only that despite its requests, no information was forthcoming to support coverage for Mr. Sanchez's alleged injuries under its Contract and that it therefore had no basis upon which to extend authority to settle Mr. Sanchez's lawsuit.   Except as so admitted, the allegations in paragraph 4.13 are denied.

4.14    Answering the allegations in paragraph 4.14, Defendant American Club admits that the Sanchez claims and lawsuit were resolved in November 2014, that Defendant American Club rejected Plaintiff's request for contribution on the basis proposed, and that Plaintiff funded the entire settlement amount.  Defendant American Club is without sufficient information as to the truth of the remaining allegations in paragraph 4.11 and therefore denies the same.

4.15    Answering the allegations in paragraph 4.15, Defendant American Club is without sufficient information as to the truth of the allegations in paragraph 4.15 and therefore denies the same.

## V.    CAUSES OF ACTION

## A.    FIRST CAUSE OF ACTION – DECLARATORY JUDGMENT

5.1    Defendant American Club reasserts its answers to paragraphs 1.1 through 4.15 herein.

5.2    Defendant American Club denies the allegations in paragraph 5.2, including without limitation that Plaintiff is entitled to have its claim for declaratory relief determined in this Court, as well as the relief it seeks.

ANSWER OF DEFENDANT AMERICAN
STEAMSHIP OWNERS MUTUAL TO PLAINTIFF'S
THIRD AMENDED COMPLAINT - 6
(15-CV-0043-RSM)

LAW OFFICES OF
NICOLL BLACK & FEIG PLLC
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
(206) 838-7555

5.3     Defendant American Club denies that Plaintiff is entitled to have its claim for declaratory relief determined in this Court, as well as the relief it seeks.

**B.     SECOND CAUSE OF ACTION – UNJUST ENRICHMENT**

5.4     Defendant American Club reasserts its answers to paragraphs 1.1 through 5.3 herein.

5.5     Defendant American Club denies that it had any obligation to contribute to defense and indemnity expenses related to the Sanchez claims and lawsuit and therefore denies the allegations in paragraph 5.5.

5.6     Defendant American Club is without sufficient information as to the truth of what payments were made by Plaintiff and denies that American Club had any obligation to pay defense and indemnity expenses related to the Sanchez claims and lawsuit. American Club objects to the words "and morally" as immaterial and impertinent.

5.7     Defendant American Club admits only that despite its repeated requests, no information was forthcoming to support coverage for Mr. Sanchez's alleged injuries under its Contract and that it therefore had no obligation to contribute to any portion of the expenses paid by Plaintiff on behalf of Shelford.  Except as so admitted, the allegations in paragraph 5.7 are denied.

5.8      Defendant American Club denies the allegations in paragraph 5.8.

5.9     Defendant American Club avers that Plaintiff's claim does not state a cause of action for unjust enrichment and denies the allegations in paragraph 5.9.

## VI.     PRAYER FOR RELIEF

Defendant American Club denies that Plaintiff is entitled to its Prayer for Relief.

## VII.     AFFIRMATIVE DEFENSES

7.1     Despite the plaintiff's failure to designate in the caption that this case is in admiralty, Fed. R. Civ. P. 9(h), as the Court has already determined, the only basis for the Court's subject matter jurisdiction rests in admiralty, 28 U.S.C. § 1333, in that this is an

ANSWER OF DEFENDANT AMERICAN
STEAMSHIP OWNERS MUTUAL TO PLAINTIFF'S
THIRD AMENDED COMPLAINT - 7
(15-CV-0043-RSM)

LAW OFFICES OF
**NICOLL BLACK & FEIG PLLC**
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
(206) 838-7555

action among marine insurers seeking to determine their duty to contribute based upon their issuance of marine insurance policies. Plaintiff has agreed to withdraw its jury demand but has not done so. Accordingly, the American Club will file a motion to strike Plaintiff's jury demand.

7.2     Pursuant to Rule 1, Section 4, paragraphs 48 and 50, of the Rules of The American Club and Appendix A thereto, all disputes concerning Defendant American Club's Contract are subject to resolution by The American Club's Board of Directors. No action, suit or other legal proceedings against The American Club may be maintained unless and until a decision has been made and published by the Board of Directors. The Board's decision may be appealed only by litigation filed in the United States District Court for the Southern District of New York.  The Contract shall be governed by and construed in accordance with the laws of the State of New York.  Consequently, venue in this Court is improper.  Defendant American Club specifically reserves its right to file a motion concerning venue pursuant to Rule 12(b)(3) the Federal Rules of Civil Procedure and/or for dismissal on grounds of *forum non conveniens*.

7.3     There is no legal foundation for Plaintiff's claims for unjust enrichment, and Plaintiff has therefore failed to state a claim upon which relief can be granted. Because there is no legal foundation for Plaintiff's unjust enrichment claim, there is no actual justiciable controversy for which declaratory relief can be granted.  The American Club will promptly file a motion to dismiss both claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

7.4     Without waiving its objections related to subject matter jurisdiction, improper venue and the lack of a proper legal foundation for Plaintiff's claims as set out in paragraphs 7.1 – 7.3 above, Defendant American Club asserts the following affirmative defenses:

ANSWER OF DEFENDANT AMERICAN
STEAMSHIP OWNERS MUTUAL TO PLAINTIFF'S
THIRD AMENDED COMPLAINT - 8
(15-CV-0043-RSM)

LAW OFFICES OF
**NICOLL BLACK & FEIG PLLC**
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
(206) 838-7555

7.4.1   Plaintiff's claims are barred for breach of the duty to give prompt and sufficient notice of the Sanchez claims and lawsuit;

7.4.2   There was no occurrence or event during the Contract period;

7.4.3   There was no personal injury during the Contract period;

7.4.4   Plaintiff's claims are barred for breach of the duty to cooperate;

7.4.5   Under its Contract, American Club has no duty to defend;

7.4.6   There is no coverage, including without limitation on a prorated or allocated basis, where there is other insurance for the subject loss, damage or expense;

7.4.7   There is no liability for costs, charges and expenses that were not reasonably incurred;

7.4.8   Liability under the Contract, if any, is subject to the insured's deductible;

7.4.9   Plaintiff's claims are barred because it acted as a volunteer in defending, paying defense costs and expense, and indemnifying the insured as to the alleged "new" 2013 injury, if any;

7.4.10  Plaintiff's claims are barred under the equitable doctrines of laches, waiver, estoppel and unclean hands; and

7.4.11  Any purported assignment of insurance provided by Defendant American Club without the written consent of the Managers of the Club is void and of no effect.

## **PRAYER FOR RELIEF**

Defendant American Club prays for relief as follows:

1.      That Plaintiff's Third Amended Complaint be dismissed with prejudice;

2.      That The American Club be awarded its attorneys' fees and costs as allowed by law;

ANSWER OF DEFENDANT AMERICAN
STEAMSHIP OWNERS MUTUAL TO PLAINTIFF'S
THIRD AMENDED COMPLAINT - 9
(15-CV-0043-RSM)

1        3.     That the Court grant such other and further relief as it deems just and equitable.

2    DATED this 7th day of December, 2015.

3                          NICOLL BLACK & FEIG PLLC

4

5                          /s/  Christopher W. Nicoll
                      Christopher W. Nicoll, WSBA #20771

6                          /s/  William A. Pelandini
                      William A. Pelandini, WSBA #11521

7                          Attorneys for Defendant American
                      Steamship Owners Mutual Protection

8                          and Indemnity Association, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ANSWER OF DEFENDANT AMERICAN
STEAMSHIP OWNERS MUTUAL TO PLAINTIFF'S
THIRD AMENDED COMPLAINT - 10
(15-CV-0043-RSM)

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, I electronically filed the foregoing with the Clerk of the Court using the CM/CF system which will send notification of such filing to the following:

*Attorneys for Plaintiff:*

John E.D. Powell, WSBA #12941
JED POWELL & ASSOCIATES, PLLC
7525 Pioneer Way, Suite 101
Gig Harbor, WA  98335
Telephone:  253-561-8791
Email:  jed@jedpowell.com

*Attorneys for Defendant*
*Osprey Underwriting Agency:*

Richard F. Allen
COZEN O'CONNOR
999 Third Avenue, Suite 1900
Seattle, WA  98104
Telephone:  206-340-1000
Facsimile:  206-621-8783
Email:  rallen@cozen.com

DATED this 7th day of December, 2015.

NICOLL BLACK & FEIG PLLC


*/s/ William A. Pelandini*
William A. Pelandini, WSBA No. 11521
Attorneys for Defendant American Steamship
Owners Mutual Protection and Indemnity
Association, Inc.

ANSWER OF DEFENDANT AMERICAN
STEAMSHIP OWNERS MUTUAL TO PLAINTIFF'S
THIRD AMENDED COMPLAINT - 11
(15-CV-0043-RSM)

LAW OFFICES OF
**NICOLL BLACK & FEIG PLLC**
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
(206) 838-7555