THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| STEAMSHIP MUTUAL UNDERWRITING ASSOCIATION LIMITED, a foreign limited liability corporation,<br><br>Plaintiff,<br><br>v.<br><br>OSPREY UNDERWRITING AGENCY LIMITED, AND ITS CERTAIN UNDERWRITERS, a foreign unincorporated entity and/or corporation, and AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND INDEMNITY ASSOCIATION, INC., believed to be a New York corporation,<br><br>Defendants. | **Case No.: 15-cv-00043-RSM**<br><br>**DEFENDANT OSPREY UNDERWRITING AGENCY LIMITED, AND ITS CERTAIN UNDERWRITERS' MOTION TO DISMISS ALL CLAIMS AGAINST IT PURSUANT TO FRCP 12(b)(6)**<br><br>**NOTE ON MOTION CALENDAR:**<br><br>**February 12, 2016** |

OSPREY UNDERWRITING AGENCY LIMITED, AND ITS CERTAIN UNDERWRITERS ("Osprey") moves for dismissal of Plaintiff Steamship Mutual Underwriting Association Limited's ("Steamship Mutual" or "Plaintiff") Third Amended Complaint for Relief under Federal Rule of Civil Procedure 12(b)(6) as that Complaint fails to state a claim for which relief can be granted.

### I.   INTRODUCTION

With its claims for legal and equitable contribution having been dismissed by this

Case No.: 15-cv-00043-RSM
OSPREY'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED
COMPLAINT - 1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

Court, Steamship Mutual's Third Amended Complaint seeks to rewaken and expand a claim of unjust enrichment in order to make some recovery from Defendants Osprey Underwriters and American Club.

As the Court undoubtedly recalls, this case concerns three different marine insurers who provided coverage to a single insured, Shelford's Boat Limited ("Shelford") in three consecutive but not overlapping, policy periods. Shelford's employee, Mauricio Sanchez ("Sanchez"), brought suit for two events of injury, one that allegedly occurred sometime in 2010 during Plaintiff's coverage period, and one that allegedly occurred after Plaintiff's coverage period, sometime in 2013, when either the American Club or Osprey insured Shelford. While Plaintiff's Second Amended Complaint alleged that the Defendants were liable for contribution, equitable contribution and unjust enrichment for costs and expenses that Steamship paid to Shelford to defend and to settle a lawsuit brought by Sanchez, its Third Amended Complaint ("Complaint") alleges only a restated claim of unjust enrichment.

Steamship now attempts to salvage its claim for unjust enrichment on the premise that it settled the Sanchez litigation and paid the expenses of Shelford in association with the Sanchez claim, acting not as a volunteer, but under some moral if not legal obligation to do so. Osprey's reserves its primary position is that this dispute must be determined under English law in accordance with its policy terms; however, even under Washington law for purposes of this Motion, Plaintiff's claims cannot survive. Osprey submits that Plaintiff's claims are without legal foundation and must be dismissed, because in fact Plaintiff defended and indemnified Shelford for Sanchez's 2013 injuries as a volunteer with no legal or moral obligation to do so and because there is no basis in fact or law that an unjust enrichment of Osprey has occurred. Further, having failed to obtain a release of Shelford's potential claims against Osprey, Plaintiff fails to state a claim that Osprey was enriched, a necessary basis for a claim of unjust enrichment.

Case No.: 15-cv-00043-RSM
OSPREY'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT - 2

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

## II.   STATEMENT OF FACTS

For purposes of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), all facts alleged in the complaint are assumed to be true. *Wood v. Moss*, 134 S. Ct. 2056, 2065, n. 5 (2014). For purposes of this motion, the following facts are assumed, although not admitted, to be true:

1. Shelford owns and operates the F/V ALEUTIAN LADY. Dkt. 39, ¶ 4.1.

2. Plaintiff Steamship Mutual provided Shelford protection and indemnity ("P&I") insurance[1] from February 20, 2006 to February 20, 2011. *Id*. at ¶ 3.2.

3. Osprey provided Shelford P&I insurance from February 20, 2011 to February 20, 2013. *Id*. at ¶ 3.3; *see* Declaration of Richard Allen, Exhibit B.[2]

4. The American Club began providing Shelford P&I insurance on February 20, 2013. *Id*. at ¶ 3.4.

5. Sanchez was employed by Shelford aboard the F/V ALEUTIAN LADY. *Id*. at ¶ 4.1.

6. Sanchez was injured in June 2010 aboard the F/V ALEUTIAN LADY. He made a claim against Shelford, who tendered it to the Plaintiff. The Plaintiff accepted the claim without reservation and reimbursed Shelford for all of Sanchez's injury-related claims. *Id*. at ¶ 4.1 – 4.2

7. Sanchez allegedly suffered either a new injury or an aggravation of the 2010 injury while working for Shelford in early 2013. *Id*. at ¶ 4.3.[3]

---

[1] Protection and indemnity insurance is a form of marine liability insurance that is intended to cover liabilities incurred by the insured as the owner of the insured vessel. *Certain Underwriters at Lloyds, London v. Inlet Fisheries Inc.,* 518 F.3d 645, 654 (9th Cir. 2008); *Backhus v. Transit Cas. Co.,* 532 So. 2d 447, 452 (La. Ct. App. 1988) *writ granted,* 540 So. 2d 322 (La. 1989) *and aff'd,* 549 So. 2d 283 (La. 1989); *see also* 2 Admiralty & Mar. Law § 19-12 (5th ed.).

[2] For purposes of a Fed. R. Civ. P. 12(b)(6) motion, "[t]he [C]ourt may 'consider documents . . . incorporated by reference in the complaint'. . . when making its determination." *Cox v. Continental Cas. Co.,* No.C13-2288MJP, 2014 WL 2011238, *2 (W.D. Wash May 16, 2014) (quoting *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003). Here, Plaintiff specifically refers to Osprey's insurance policy throughout the Third Amended Complaint. Dkt. 39 at ¶¶ 3.3, 4.6, 4.9, 5.5. As such, the Court may consider the Osprey policy in its determination of this Motion.

[3] Although Osprey disputes that this injury occurred during its policy period, for purposes of this motion, Osprey assumes that Sanchez's 2013 injury occurred after February 20, 2013. Alternatively, even if Plaintiff now alleges

Case No.: 15-cv-00043-RSM
OSPREY'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT - 3

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

8. Sanchez sued Shelford ("the Sanchez Lawsuit") on May 2, 2013, alleging two distinct injury events, those injuries he allegedly suffered in 2010 and those he allegedly suffered in 2013. *Id*. at ¶ 4.4.

9. The Sanchez Lawsuit was tendered to Plaintiff, who agreed to pay for Shelford's defense for the entire lawsuit. *Id*. at ¶ 4.5.

10. The 2013 injury did not implicate coverage under Plaintiff's policy, and Plaintiff had no duty to pay for those defense and indemnity expenses. *Id*. at ¶¶ 4.6, 5.6.[4]

11. Plaintiff authorized Sanchez's medical treatment for the 2013 injury, even though the new injury did not implicate Plaintiff's policy. *Id*. at ¶ 4.8.

12. Osprey received notice of a potential claim arising from the Sanchez Lawsuit. Osprey reserved its rights, and denied coverage. *Id*. at ¶¶ 4.6, 4.7.

13. The American Club received notice of a potential claim arising from the Sanchez Lawsuit. The American Club reserved its rights, and denied coverage. *Id*. at ¶¶ 4.6, 4.7.

15. On or about September 25, 2014, Shelford's counsel wrote a letter to Steamship, Osprey and The American Club threatening suit under the Washington Insurance Fair Conduct Act ("IFCA") if they did not agree to pay defense costs and ongoing expenses. *Id*. at ¶¶ 4.11.

16. Osprey refused to extend any settlement authority to Shelford (*id*. at ¶ 4.13), reimbursed Shelford for no expenses (*id*. at ¶ 4.09), and rejected Steamship's proposal that Osprey contribute one-third to the settlement. *Id*. at ¶ 4.14;

17. Plaintiff approved of Sanchez's treatment and reimbursed Shelford for all expenses incurred by Shelford for Sanchez's medical treatment and the maintenance, cure and lost

---

that Sanchez's 2013 injury stemmed from the June 2010 injury, Osprey maintains that Plaintiff settled its own lawsuit and Osprey was not unjustly enriched.

[4] Plaintiff has already admitted to *not* being liable for the loss that Defendants were allegedly liable for, the 2013 injury. Dkt. 38, 9:10-12. Assuming, arguendo, that Plaintiff alleges that Sanchez's 2013 injury was not a "new" and "distinct" injury but rather an aggravation of his 2010 injury, there would still be no basis for an unjust enrichment claim because Osprey would not have been unjustly enriched by a settlement for an occurrence outside of its policy period.

Case No.: 15-cv-00043-RSM
OSPREY'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT - 4

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

wages until the lawsuit settled for $300,000 on or about November 5, 2014. Plaintiff Steamship Mutual funded the entire settlement amount. *Id*. at ¶ 4.14; *see* Declaration of Richard Allen, Exhibit A.[5]

18. Plaintiff's settlement of the Sanchez lawsuit discharged and released all claims that were or could have been asserted against Osprey and/or The American Club in the Sanchez Lawsuit.[6] *Id*. at ¶ 4.14; Declaration of Richard Allen, Exhibit A, p. 1.  The settlement included a release by Sanchez of claims for maintenance, cure, wages and personal injury damages paid by or on behalf of Shelford.  Declaration of Richard Allen, Exhibit A, p. 1.

19. A mediated settlement agreement between Plaintiff Steamship, Sanchez and Shelford dismisses all Sanchez's claims against Steamship, Osprey and American Club but states:

> Nothing in this agreement shall in any way serve to release any claims, positions or causes of action (contractual or extra-contractual) that Shelford's Boat Limited, Shelford Ventures, LLC, Shelford Fisheries, LLC, RSD Fisheries, LLC, and/or Shelford Investments, LLC, have or may have against Osprey Underwriters Agency Limited and the American Club."

Declaration of Richard Allen, Exhibit A, p. 1.

### III.   STATEMENT OF ISSUES

Whether there is no set of facts that would entitle the Plaintiff to relief under its contribution and unjust enrichment claims against Defendants when (1) the Plaintiff did not share joint liability with either Defendant for the expenses and indemnity at issue; (2) the Plaintiff voluntarily paid all expenses and indemnity to Shelford even though it knew it had no obligation to do so; (3) there is no other actual controversy between the parties; and (4)

---

[5] For purposes of a Fed. R. Civ. P. 12(b)(6) motion, "[t]he [C]ourt may 'consider documents . . . incorporated by reference in the complaint'. . . when making its determination." *Cox v. Continental Cas. Co.,* No.C13-2288MJP, 2014 WL 2011238, *2 (W.D. Wash May 16, 2014) (quoting *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003). As with Osprey's policy, Plaintiff specifically refers to the settlement in the Third Amended Complaint. Dkt. 39 at ¶¶ 4.14.  As such, the Court may consider the settlement in its determination of this Motion.

[6] Although Osprey disputes that Plaintiff had authority to settle on behalf of and/or enter into a release on Osprey's behalf, for purposes of this motion, Osprey assumes that the settlement discharged and released all claims in the Sanchez Litigation that were or could have been asserted against Osprey by Sanchez.

Case No.: 15-cv-00043-RSM
OSPREY'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT - 5

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

Shelford failed to obtain a full release of Osprey and therefore under admiralty precedent recovery is barred.

## IV.     ARGUMENT

A court should dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint should be dismissed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hicks v. Small*, 69 F.3d 967, 969 (9th Cir. 1995).  A court need not accept as true conclusory allegations in the complaint. *Bell Atlantic Corp. v. Twombly*, 556 U.S. 544, 555 (2007) (To establish a "plausible claim," a complaint must contain "more than labels and conclusions").

In this case, even if all of the facts alleged in the Plaintiff's Third Amended Complaint are accepted as true, the Plaintiff's claims are not plausible as a matter of law.

### A.     **Plaintiff Cannot Maintain a Claim for Unjust Enrichment**.

Unjust enrichment is a "quasi-contract" theory, requiring two basic elements: (1) the person receiving the benefit must be unjustly enriched, and (2) the person conferring the benefit must not be a volunteer. *See, e.g., Ellenburg v. Larson Fruit Co., Inc.*, 66 Wash. App. 246, 835 P.2d 225 (Div. 3 1992).  Further, an 'enrichment' alone will not suffice to invoke the remedial powers of a court of equity; it is critical that the enrichment be unjust both under the circumstances and as between the two parties to the transaction. *Farwest Steel Corp. v. Mainline Metal Works, Inc.*, 48 Wash. App. 719, 731 (Div. 1 1987).

#### 1.     **Plaintiff's Unjust Enrichment Claim Fails, Because Plaintiff and Osprey Had No Concurrent Obligation to the Assured**.

Unjust enrichment is inapplicable where the party seeking reimbursement did not pay the debts of another, or voluntarily did so. *Kottler v. State*, 136 Wash.2d 437, 447 n.12, 963

Case No.: 15-cv-00043-RSM
OSPREY'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED
COMPLAINT - 6

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

P.2d 834 (1998). Such precise scenario occurs where the parties' liabilities are proportionate only, and not concurrent. *Id.* In *Kottler, supra,* the court held that unjust enrichment is inapplicable in the context of settling tortfeasors whose liability is proportionate instead of joint and several. *Id.* There, the settling tortfeasor was unable to maintain an alternative theory of unjust enrichment where its contribution claim failed on the same grounds. *Id.* Likewise, in this case Plaintiff and Osprey are successive insurers, and Osprey's policy imposed no duty to defend. As such, Plaintiff's claim for unjust enrichment fails.

         a) <u>Plaintiff and Osprey Were Not Concurrent Insurers</u>.

This Court has already held that Plaintiff cannot maintain a claim for contribution, due to the fact that the insurers in this case are consecutive, not concurrent insurers, and shared no common liabilities. Dkt. 38, p. 7-9. By the same token, Plaintiff's unjust enrichment claim should be dismissed. Given that Plaintiff's liability was successive to, and not concurrent with Osprey's obligations, Plaintiff either did not pay the debts of another insurer, or did so voluntarily. *See Kottler, supra,* at 447, n.12. In light of *Kottler,* Plaintiff's newly alleged "legal obligation" to settle is a red herring, because Plaintiff bore no legal obligation to 1) settle on Osprey's behalf, 2) obtain a release from Sanchez on Osprey's behalf or 3) relieve Osprey of any liabilities under IFCA.[7] Whether Plaintiff settled its own obligation to the assured, or voluntarily settled on Osprey's behalf, Plaintiff cannot seek unjust enrichment from Osprey as a successive insurer.

         b) <u>The Osprey Policy is for Indemnity Only</u>.

The P&I policy issued by Osprey, like the P&I policy issued by the American Club, does not impose a duty to defend Shelford. As previously raised with this Court, the Osprey

---

[7] It is questionable whether IFCA even applies to marine insurance. *See* RCW 48.18.010 ("This chapter applies to insurances other than ocean marine and foreign trade insurances."); *Commerce and Indus. Ins. Co. v. U.S. Bank Nat. Ass'n*. 2008 WL 4178474 (S.D.N.Y) at *5 ("where the allegation of bad faith refusal to pay depends on a determination of the plaintiff's obligations under the insurance contract, the breach of contract and bad faith claims are inextricably intertwined"). In any event, the threat of IFCA suit against Osprey imposed no legal obligation on Steamship to settle on Osprey's behalf.

Case No.: 15-cv-00043-RSM
OSPREY'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED
COMPLAINT - 7

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

policy contains a valid and enforceable choice of law provision requiring that it be construed in accordance with English law. *See* Dkt. # 13 at p. 5; Declaration of Richard Allen, Exhibit B at p. 2 ("Choice of Law & Jurisdiction").  Under English law, the rule is that P&I insurance coverage does extend to the costs involved in defending and investigating an alleged claim. However, this coverage only extends to those costs that are approved by the assured in writing. Accordingly, the wording of the Osprey policy issued to Shelford provides coverage only for:

> [A]ll such loss and/or damage and/or expense as the Assured shall . . . have become liable to pay and shall pay on account of the liabilities, risks, events and/or happenings herein set forth . . . .

Declaration of Richard Allen, Exhibit B, p. 7 ("Protection and Indemnity").

This wording makes clear that "expenses" (including defense expenses) will only be covered insofar as they relate to actual liabilities under the policy. This reflects the general position of English law that defense costs will not be covered if the risk itself is not covered. *See, e.g., AstraZeneca Ins. Co. Ltd. v. XL Ins. Ltd*., [2013] EWCA (Civ) 1660 (Eng.). Additionally, the Osprey policy explicitly excludes defense costs that are incurred without Osprey's consent:

> The Assurer shall not be liable for the cost or expense of prosecuting or defending any claim or suit unless the same shall have been incurred with the written consent of the Assurer . . . .

Declaration of Richard Allen, Exhibit B, p. 11 ("Law Costs").

If, on the other hand, a ship owner requires cover for liabilities, disputes, and/or risks that fall outside its normal insurance coverage, it may choose to purchase freight, demurrage, and defense (FD&D) insurance, which Shelford evidently chose not to do. Thus, the Osprey P&I policy issued to Shelford imposed no duty to defend the Sanchez litigation.  The Court need not accept Plaintiff's allegations to the contrary; in effect, Osprey and Plaintiff shared no common or concurrent duties to defend Shelford.

Case No.: 15-cv-00043-RSM
OSPREY'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT - 8

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

**2.   Plaintiff's Unjust Enrichment Claim Should be Dismissed, Because Plaintiff Acted as a Volunteer When it Paid for Shelford's Costs, Expenses and Settlement Funds on Behalf of Osprey.**

Even if Plaintiff were entitled to bring an unjust enrichment claim against consecutive insurers, the cause of action fails because Plaintiff acted as volunteer. The doctrine of unjust enrichment is only available to a party who was not acting as a volunteer. *Columbia Cmty. Bank v. Newman Park, LLC*, 177 Wn. 2d 566, 575, 304 P.3d 472, 476 (2013) (citing *Murray v. O'Brien*, 56 Wash. 361, 371–72, 105 P. 840 (1909)).

a)   <u>Osprey Did Not Acquiesce to any Benefit Conferred by Plaintiff</u>.

Whether one acts as a volunteer depends on the circumstances of each case, including (1) whether benefits were conferred at the request of the party benefited, (2) whether the party benefited knew of the payment but stood back and let the party make the payment, and (3) whether the benefits were necessary to protect the interests of the party who conferred the benefit or the party who benefited by the payment. *E.g.*, *Ellenburg v. Larson Fruit Co., Inc.*, 66 Wash.App. 246, 251-252, 835 P.2d 225 (Div. 3 1992).  In *Ellenburg*, the Court held that a fruit harvesting company could not maintain an unjust enrichment claim against an orchard owner when it voluntarily paid monies to a third-party crop management company related to expenses incurred by the crop management company in maintaining the orchard. *See generally id.*  Specifically, the *Ellenburg* Court relied on the fact that the orchard owner never requested the harvesting company to pay the proceeds to the crop management company. *Id.* at 252.  Moreover, the harvesting company knew that the orchard owner disputed his monetary obligations to the crop management company. *Id.*  Further, the Court noted that the harvesting company could not show what amount of the sum in dispute actually benefited the orchard owner. *Id.*

In this case, Osprey neither requested nor acquiesced to any alleged release of liability. Rather, Steamship was well aware that Osprey had reserved its rights and disputed coverage. Dkt. 39 at ¶¶ 4.6, 4.7. Plaintiff alleges that Osprey refused to extend any settlement authority to

Case No.: 15-cv-00043-RSM
OSPREY'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT - 9

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

1-7
Shelford (Dkt. 39 at ¶ 4.13), reimbursed Shelford for no expenses (*id.* at ¶ 4.09), and consistently rejected Steamship's proposal that Osprey contribute one-third to the settlement. *Id* at ¶ 4.14; see also *id* at ¶ 4.09 ("Osprey and The American Club were intransigent. . . . [and] paid nothing."). Osprey cannot be said to have acquiesced to any benefit, where Plaintiff secured a release in favor of Osprey notwithstanding Osprey's consistent refusal to contribute to settlement. As in *Ellenburg*, the circumstances of this case render Plaintiff a volunteer, and unable to recover for unjust enrichment.

    b)  <u>Plaintiff Acted Under No Moral Obligation to Settle on Behalf of Defendants</u>.

Plaintiff attempts to avoid dismissal by now alleging that it acted under a "moral obligation" to settle the Sanchez Lawsuit. Dkt. 39 ¶¶ 4.7, 4.12. Plaintiff appears to rely on language from *Hartford Ins. Co. v. Ohio Casualty Ins. Co*., 145 Wn. App. 765, 774 (Div. I, 2008) for the proposition that one who acts under moral obligation is not a volunteer. *See* Dkt. 31, p. 10-11. However, nowhere in *Hartford Ins. Co., supra,* does the court explain what constitutes such moral obligation.[8]

Instead, the principle of moral compulsion to act arises in an emergency situation threatening public health or safety. *See* Restatement 3d, Restitution and Unjust Enrichment, § 22. This is not a case involving any such threat or emergency. Plaintiff bore no moral compulsion to settle on behalf of either Defendant. Neither Defendant authorized or requested any release of its purported liabilities in connection with the Sanchez suit. Plaintiff's conclusory allegation that, for "moral" reasons, it settled the Sanchez suit, should not be accepted by the Court. *See Bell v. Twombly, supra,* at 555, 556. To the extent that Plaintiff claims to have extinguished any liabilities borne by either Defendant in the Sanchez suit,

---

[8] Likewise, the line of cases preceding *Hartford Ins. Co. v. Ohio Casualty Ins. Co*., 145 Wn. App. 765, 774 (Div. I, 2008) sparsely discusses the meaning of "moral obligation" in the volunteer or unjust enrichment context. *See also In re Farmers & Merchants State Bank*, 175 Wash. 78, 88, 26 P.2d 631 (1933) (acquiring bank was not acting as a volunteer where its attempt to consolidate was made in the public interest, *i.e.* the insolvency of the bank and consequent loss to its depositors).

Case No.: 15-cv-00043-RSM
OSPREY'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT - 10

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

Plaintiff acted as a volunteer and without moral compulsion. As such, Plaintiff cannot maintain a cause of action against Osprey for unjust enrichment.

**B.  Plaintiff Cannot Sustain a Cause of Action for Declaratory Judgment Under 28 U.S.C. § 2201 Because There is Not Case or Controversy.**

Unless an actual controversy exists, a court is without power to grant declaratory relief under this statute. 28 U.S.C. § 2201 (a); *Garcia v. Brownell*, 236 F.2d 356, 357-58 (9th Cir. 1956). Because Plaintiff's claim for unjust enrichment should be dismissed, there is no legal relationship between the Plaintiff and either Defendant to create an actual controversy as required to maintain an action under 28 U.S.C. §2201. Accordingly, the Plaintiff's claim for declaratory judgment should also be dismissed.

**C.  Plaintiff Steamship's Claim for Indemnification from Osprey is Barred by Admiralty Precedent.**

On November 4, 2014 Plaintiff Steamship, Sanchez and Shelford engaged in a mediation which resulted in a Mediated Settlement Agreement. Osprey was not a party to the Mediated Settlement Agreement. The agreement was produced to Osprey as a part of the collateral proceedings in England between Osprey and Steamship. Declaration of Richard Allen, ¶ 3. The Mediated Settlement Agreement resolved all claims between the three parties to it, but went on to reserve to Shelford the right to pursue Osprey for all amounts paid to Sanchez in respect to his injury. *Id.* at Exhibit A, p. 1.

Because Osprey remains exposed to suit by Shelford, or Steamship as its subrogated insurer, for all amounts which were required to resolve Sanchez's injury claim, Steamship as a participant in that settlement is not entitled to any contribution or other indemnity from Osprey. *See*, In Re Complaint of *Taurus Marine, Inc. v. Marin County*, 2012 AMC 317, 2012 U.S. Dist. LEXIS 16285 (N.D. Cal. 2012) ruling that neither contribution or other indemnity is permitted to a settling party against a non-settling party that is not fully released by the settlement; see also *McDermott, Inc. v. AmClyde*, 511 U.S. 202, 209-217 (1994). *See also*

Case No.: 15-cv-00043-RSM
OSPREY'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT - 11

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

*Murphy v. Florida Keys Elec. Co-op Ass'n*, 329 F.3d 1311, 1313-16 (11 Cir. 2003) holding that a defendant in an admiralty tort action which settles with the plaintiff without obtaining a release from liability for other potential defendants cannot bring a suit for contribution or indemnity against such non-settling defendants.

In *Marin County*, *supra*, the court held that a barge owner, "Manson/Dutra," could not sue a tugboat owner, Taurus Marine, Inc. for contribution for damages to a pier because the settlement agreement between Manson/Dutra and the pier owner did not release Taurus Marine from liability. Taurus Marine argued that since the settlement agreement between Manson/Dutra and Marin County effectively barred claims against it because Marin County did not explicitly release it from liability and "neither contribution nor indemnity is permitted by a settling party against a non-settling party that is not released in the settlement."[9] Further, see *Lexington Ins. Co. v. SHRM Catering Servs., Inc.*, 567 F.3d 182 (5 Cir. 2009) holding that a settling tortfeasor may not sue a non-settling tortfeasor for contribution in maritime even after plaintiff assigns its claim to the settling tortfeasor. Here no full release or discharge of Osprey was negotiated in the tripartite mediation between Plaintiff Steamship, Sanchez and Shelford whereby all potential claims against Osprey inuring to Shelford are specifically preserved. Accordingly, Steamship's claims against Osprey, whether expressed as unjust enrichment or contribution, must be barred. Since Shelford is still able to pursue Osprey for the sums it paid or were paid on its behalf in the Sanchez litigation, Osprey in terms of unjust enrichment has not been "enriched."

---

[9] On October 31, 2013 in *Paul Aaron Savchenko v. Icicle Seafoods, Inc. and L.F.K., Inc. v. Kari Marie Fisheries, LLC, etc.*, Case No. C11-2081-JCC, Judge John Coughenour of this Court adopted this rule, stating "Both the 11th Circuit and United States District Court for the Northern District for California have held that, in the admiralty and maritime context, a settling defendant may not sue a non-settling defendant for contribution absent a release of all claims by the plaintiff against the non-settling defendant. *AmClyde* does not prevent an action for contribution for a settling tortfeasor who obtains as part of its settlement agreement with plaintiff, a full release for all parties, citing *Ondimar Transportes Maritimos v. Beatty St. Props., Inc*., 555 F.3d 184 (5 Cir. 2009)."

Case No.: 15-cv-00043-RSM
OSPREY'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED
COMPLAINT - 12

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

## V. CONCLUSION

For the foregoing reasons, Osprey respectfully requests that the Court dismiss the Plaintiff's Third Amended Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

DATED this 20th day of January, 2016.

          COZEN O'CONNOR

          By:  /s/ Richard F. Allen
                Richard F. Allen, WSBA No. 2411
                Anusha E. Jones, *Admitted Pro Hac Vice*
                999 Third Avenue, Suite 1900
                Seattle, Washington 98104
                PH: 206.340.1000/FX: 206.621.8783
                Email:   rallen@cozen.com;
                             aejones@cozen.com
          *Attorneys for Defendant Osprey Underwriting Agency Ltd. and Certain Underwriters*

Case No.: 15-cv-00043-RSM
OSPREY'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT - 13

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

# CERTIFICATE OF SERVICE

I, Suzy A. Miller, certify and state as follows:

I am a citizen of the United States and a resident of the State of Washington; I am over the age of 18 years and not a party of the within entitled cause. I am employed by the law firm of Cozen O'Connor, 999 Third Avenue, Suite 1900, Seattle, WA 98104.

I hereby certify that on this 20th day of January, 2016, I electronically filed the foregoing *Defendant Osprey Underwriting Agency Limited's and its Certain Underwriters Motion to Dismiss all Claims Against it Pursuant to FRCP 12(b)(6)* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

*Attorneys for Plaintiff:*
John E.D. Powell, WSBA #12941
Jed Powell & Associates, PLLC
7525 Pioneer Way, Suite 101
Gig Harbor, WA 98335
PH:    253-561-8791/ FX:    253-561-8791
Email:  jed@jedpowell.com

*Attorneys for Defendant American Steamship Owners Mutual Protection and Indemnity Association:*
Christopher W. Nicoll, WSBA #20771
William A. Pelandini, WSBA #11521
Nicoll Black & Feig
1325 Fourth Avenue, Suite 1650
Seattle, WA  98101
PH:    206.838.7555 / FX:  206.838.7515
E-mail:  cnicoll@nicollblack.com
         wpelandini@nicollblack.com

I hereby declare under oath and under the penalty of perjury of the laws of the State of Washington that the foregoing is true and correct.

DATED this 20th day of January, 2016.

COZEN O'CONNOR

*/s/ Suzy A. Miller*
Suzy A. Miller, Senior Legal Assistant

LEGAL\25319221\3 00650.3227.000/355998.000

Case No.: 15-cv-00043-RSM
OSPREY'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT - 14

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000